UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:16-CR-21-HAB |
| ) | |
| SIE MERRIMAN ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's letter (ECF No. 46) requesting the appointment of counsel to assist Defendant in seeking compassionate release. The letter was referred to the Federal Community Defender to consider representing Defendant (ECF No. 49); the FCD declined. (ECF No. 50). The Government filed its Response in opposition to compassionate release (ECF No. 51) on November 13, 2020, and a supplement to the response (ECF No. 52) on December 7, 2020. The Court has given Defendant adequate time to file a reply, but no such filing has been made. The letter is now ripe for review.

**A.   Defendant's Conviction**

In December 2015, Defendant orchestrated several straw purchases of firearms. He was indicted in April 2016 on multiple counts of being a felon in possession of a firearm and aiding and abetting the making of false statements in connection with firearms purchases. Defendant pleaded guilty to a single count of being a felon in possession of a firearm and was sentenced to eighty-six months' imprisonment with one year of supervised release to follow. Defendant is serving his sentence at FCI Phoenix with an anticipated release date of July 24, 2022.

**B.     Legal Discussion**

**1.     *Extraordinary and Compelling Reasons***

Defendant's Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendants request is one for compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Court would ordinarily need to determine whether Defendant exhausted his administrative remedies prior to seeking relief. Here, however, the Government concedes that Defendant exhausted his remedies, and the Court can proceed to review Defendant's request on the merits.

2

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly before the court. *Gunn*, supra. Accordingly, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes.[1] Second, the Court determines whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18

---

[1] However, as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to be consistent with "applicable policy statements." And, the Sentencing Commission has not yet issued a policy statement "applicable" to the Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180. !

3

U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

Defendant's case is easily adjudicated, as he alleges no basis other than the mere existence of COVID and unidentified "co-morbidities" in his motion. These are not grounds for compassionate release. *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Moreover, the Government's brief cites ongoing efforts by the Bureau of Prisons to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited

4

September 1, 2020); see also, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The BOP has struggled to confine the virus in FCI Phoenix: the facility currently reports that 500 inmates, nearly half the prison population, have tested positive for COVID-19. These numbers give the Court pause, but it cannot conclude that, in the absence of any specifically identified medical condition, FCI Phoenix's difficulties alone require release.

**2.**     *§3553(a) Factors*

Even if the Court did find that extraordinary or compelling circumstances existed, it would still find that the § 3553(a) factors do not support release. Defendant has eighteen months remaining on his sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of Defendant. The Court finds that any further reduction at this time would serve to undermine those purposes of sentencing.

**C.**     **Conclusion**

For the foregoing reasons, Defendant's letter (ECF No. 46) requesting compassionate release is DENIED.

SO ORDERED on January 12, 2021.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT